# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2482 | **DATE** | 8/23/2000 |
| **CASE TITLE** | Wright Tree Service, Inc. vs. Commonwealth Edison Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 15 Sept. 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Commonwealth Edison's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 24 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | E0-7 FILED FOR DOCKETING 00 AUG 23 PM 5:19 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | AUG 24 2000 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 23 2000

Judge Harry D. Leinenweber
U. S. District Court

WRIGHT TREE SERVICE, INC., an
Iowa Corporation,

    Plaintiff,

v.

COMMONWEALTH EDISON COMPANY,
an Illinois Corporation,

    Defendant.

Case No. 00 C 2482

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court is the defendant, Commonwealth Edison's motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the motion is denied.

### BACKGROUND

In ruling on a motion to dismiss for failure to state a claim, the court will dismiss a claim only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996). The purpose of a motion to dismiss is to test the sufficiency of the Complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). For purposes of a motion to dismiss, the court accepts the factual allegations of

the Complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Travel All Over the World*, 73 F.3d at 1428.

ComEd entered into a "Strategic Relationship Agreement for Line Clearing Services," or "SRA" with plaintiff Wright Tree Service, Inc. whereby, Wright agreed to trim trees near ComEd's power lines. Under the SRA, the parties agreed to a multi-layered dispute resolution process beginning with a two-part negotiation process. If negotiations failed, mediation followed. If mediation failed, the final step would be arbitration. According to the SRA, either party could terminate the SRA, given 30 days' notice. On September 17, 1999, ComEd notified Wright that it was terminating the SRA. Wright claims that ComEd owes it over $3 million; however, ComEd has not paid Wright. Wright also claims that ComEd admitting owing it at least $1,900,000.

## DISCUSSION

Count I of Wright's Complaint seeks to compel arbitration of this dispute. 9 U.S.C. § 1 *et seq.* ComEd argues that Count I is premature and unripe because neither party has unilaterally, nor have the parties mutually, submitted the dispute to mediation. Mediation is the agreed-upon prerequisite to arbitration, according to the SRA. The Complaint alleges that "ComEd has not agreed to or engaged in negotiation or mediation despite request." Compl. at ¶ 12. Under the SRA, if mediation has not

succeeded within 60 days, the matter proceeds to arbitration. Wright contends that it requested that ComEd submit to mediation on December 8, 1999, waited sixty days, and, after not receiving a response from ComEd, filed the instant lawsuit.

In labor disputes, whether the procedural prerequisites to arbitration have been met is an issue for the arbitrator. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557-58 (1964). Although *Wiley* and its progeny deal with labor disputes and, in some cases, the prerequisites of collective bargaining agreements, both cases under the *Wiley* standard and the instant case arise under the United States Arbitration Act, 9 U.S.C. § 1 et seq., *see generally United Paperworks International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 39 (1987).

Furthermore, courts have relegated ripeness issues to the arbitrator in business contract disputes as well. *See Semco, L.L.C. v. Ellicott Machine Corp. Internat'l*, No.Civ.A. 99-1928, 1999 WL 493278, *2 (E.D. La. July 9, 1999). The facts of *Semco* compare to those in the instant case; both involve a contract dispute. In *Semco*, the defendant Ellicott had contracted with the plaintiff SEMCO to construct three 28" cutter suction dredge vessels. The court found that because "the Contract states that all disputes shall proceed to non-binding mediation. This necessarily includes disputes as to procedural steps." *Semco* at *2.

In this case, page 10 of the SRA directs the parties to engage the three step dispute resolution process "[s]hould a dispute occur between ComEd and Contractor arising out of or relating to the Agreement . . . ." Compl. Ex. A, p. 10. In other words, a dispute as to the Agreement initiates the three step process. The ripeness dispute raised by ComEd arises out of the Agreement and thus would fall under the purview of the arbitrator. The motion to dismiss Count I is denied.

Count II of the Complaint alleges breach of contract, seeking $1,900,000. ComEd argues that the court should dismiss Count II because the face of the SRA provides ComEd with a basis for withholding payment. Wright has attached the SRA to the Complaint. A copy of any written instrument which is an exhibit to a Complaint is considered to be a part of the pleadings. Fed.R.Civ.P. 10(c).

"Under Illinois law, the plaintiff proves a breach of contract by establishing: (1) a valid and enforceable contract; (2) performance of contractual duties by the plaintiff; (3) a breach of contractual duties by the defendant; and (4) resulting damages to the plaintiff." *Olympic Chevrolet, Inc. v. General Motors Corp.*, 959 F.Supp. 918, 922 (N.D. Ill. 1997).

According to the SRA, ComEd is not required to make payments for work not performed; can decline to pay an invoice if it decides it is necessary to protect ComEd from losses due to

Wright's breach, misconduct, negligence or failure to substantiate amounts due to Wright; and can set off against any amount payable any indebtedness for which ComEd may be liable or ultimately responsible for arising out of the transaction with Wright. Compl. Ex. A p. 3, 9, 10. ComEd argues that the Complaint fails to allege how ComEd's refusal to pay is not covered by these provisions.

Wright is not required to allege every factual detail of its claim. Fed.R.Civ.P. 8(c). Rather, the issue is "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Wright has alleged the four elements of a breach of contract claim.

In Count II, Wright alleges that ComEd admitted owing Wright $1,900,000. ComEd contends that this figure arose during settlement negotiations. Pursuant to Federal Rule of Evidence 408, settlement offers are not admissible to prove liability or the validity of a claim. However, the motion before the court is one to dismiss pursuant to Rule 12. Whether the $1,900,000 figure arose during settlement negotiations is a dispute of fact. Fact issues are not to be decided on a motion to dismiss. *See Smith v. Cash Store Management, Inc.*, 195 F.3d 325, 327 (7th Cir. 1999). Furthermore, all facts are to be taken in the light most

favorable to Wright. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The motion to dismiss Count II is denied.

### **CONCLUSION**

Accordingly, for the foregoing reasons, ComEd's motion to dismiss is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　United States District Court

Date: _August 23, 2000_